

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
09/05/2012

| | | |
|---|---|---|
| IN RE: § | | |
| ALBERT C. ALANIZ, III; dba ALANIZ § | CASE NO: 11-20475 | |
| ENGINEERING & CONSTRUCTION, INC, § | | |
| DIANA ALANIZ § | | |
|     Debtor(s) § | | |
| § | CHAPTER 13 | |

### MEMORANDUM OPINION AND ORDER ON OBJECTION TO CLAIM (docket No. 77)

On this day came on for consideration Albert C. Alaniz, III and Diana Alaniz (the "Debtors") Objection to Proof of Claim filed by David E. Fast ("Fast"). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs, finds as follows.

### BACKGROUND

The dispute between Fast and the Debtor has a long history, beginning with a business arrangement between Fast and Debtor Albert C. Alaniz III ("Debtor" or "Alaniz") in which Alaniz purportedly provided engineering services to home builders and Fast, a licensed engineer and attorney, allegedly supplied Alaniz with his engineering stamp and signature on the reports. The engineering services were necessary to obtain windstorm certificates from the Texas Department of Insurance ("TDI").    Windstorm certificates were issued but later rescinded for failure to comply with TDI requirements.

On May 6, 2009, the home builder sued Alaniz and Fast in the 105th State District Court, Nueces County, Texas (the "State Court Lawsuit"). Alaniz filed his first chapter 13 bankruptcy petition on August 24, 2009. Alaniz did not list Fast a creditor in his schedules but Fast made an appearance in the case on December 21, 2009, when he filed a motion to reopen the meeting of creditors. The bar date for proofs of claim in the first bankruptcy was January 10, 2010. Fast did

not file his proof of claim in the first bankruptcy until June 28, 2010, alleging lack of adequate discovery from Alaniz. The proof of claim was for "not less than $4,000." Alaniz objected to Fast's proof of claim on timeliness grounds. A hearing on the objection to proof of claim was held on December 20, 2010. At that time Fast and Alaniz reached an agreement that Fast would be allowed a $4,000 unsecured priority claim. Upon agreement by the parties, the Court entered the Agreed Order on Debtors Objection to Proof of claim of David E. Fast, Creditor on December 20, 2010 (the "Agreed Order"). Alaniz's chapter 13 plan was confirmed on the same date.

The first chapter 13 case was dismissed on July 14, 2011, for failure to make plan payments. Debtors filed the current chapter 13 case on August 18, 2011. The Debtors' schedules listed Fast's claim in the amount of $4,000 as unsecured. However, Debtors corrected the mistake the next day, amending their schedules to list Fast's claim as $4,000 unsecured priority, based on the prior Agreed Order. On December 29, 2011, Fast filed an unsecured priority proof of claim in the amount of "not less than $8,000." Interestingly, Fast admits that he signed off on engineering reports without performing inspections when he states in his proof of claim that Alaniz "made all of the contracts and on-site inspections, with Fast merely signing and sealing the WPI forms." Fast's claim against Alaniz is apparently based upon either Alaniz's failure to pay Fast for merely signing and stamping his seal on WPI forms, in violation of his duty as a licensed engineer, or perhaps contribution for the damages he and Alaniz allegedly caused the home builder for the defective inspections, which is the basis for the State Court Lawsuit.

Debtors filed their Objection to Proof of Claim on June 12, 2012. A hearing was held on July 16, 2012, at which time counsel for Alaniz presented case law to the Court. Fast objected and the Court allowed Fast two weeks to respond in writing to Alaniz's legal arguments. A series

of pleadings and responses followed. On August 27, 2012, the Court conducted a hearing on confirmation of Debtors' chapter 13 plan. At that hearing Fast was allowed to re-urge his arguments regarding his proof of claim.[1] The Court confirmed the chapter 13 plan because it was a "Y" plan, which provides for alternatives based on the Court's ruling on the claim objection.

## DISCUSSION

The Court finds that Fast is barred from taking an inconsistent position regarding the nature of his claim by the doctrine of judicial estoppel. As set out by this Court in *In re Munoz*, 459 B.R. 621, 623 (Bankr. S.D.Tex 2011), a party may not take an inconsistent position in separate proceedings in order to gain an unfair advantage. The doctrine applies when a party 1) takes an position that is clearly inconsistent with one asserted in a prior proceeding; 2) the court in a prior proceeding accepted that position; and 3) the party's inconsistencies were not inadvertent. *In re Superior Crewboats*, 374 F.3d 330, 334 (5th Cir. 2004).

Here, Fast signed an agreed order in Alaniz's prior bankruptcy agreeing that he had a $4,000 unsecured priority claim. Fast now wants to assert a general unsecured claim in the amount of "not less than $8,000". The agreed order was signed by the Court and entered in Alaniz's prior bankruptcy. Moreover, the Court confirmed a chapter 13 plan in Alaniz's prior bankruptcy based on Fast's agreed claim. Thus the Court accepted Fast's prior position, which, the Court notes, is more favorable to Fast than his general unsecured claim he now asserts. No evidence was presented to prove or suggest that Fast's prior position was inadvertent. While Fast alleges he could not determine the exact amount of his claim because Alaniz failed to provide discovery which would help Fast determine the exact amount of his claim, he nevertheless

---

[1] Fast's most recent pleadings contain troubling allegations of partiality by this Court. The Court would note that Fast has never formally moved for recusal. Moreover, a review of the proceedings in this case demonstrate that it is Fast's behavior in Court which is unprofessional. Nevertheless, the Court has gone out of its way to allow Fast to present fully his arguments.

<u>agreed</u> to the amount and the treatment of his claim. The Court accepted the agreement and acted in reliance thereon. Accordingly, the doctrine of collateral estoppel bars Fast from now asserting a general unsecured claim in a higher amount.

Fast argues that because Alaniz's incorrectly scheduled his claim as a general unsecured claim when he filed his second bankruptcy, he is barred from challenging Fast's proof of claim. However, Alaniz amended his schedules the next day to correctly reflect the parties' agreement. Rather than trying to take an inconsistent position, Alaniz amended his mistake to cause his schedules to comport with the prior agreed order. Fast's argument is therefore non-sequitur. Finally, as previously held in the *Munoz* case, the fact that Alaniz's first bankruptcy was dismissed does not prevent the application of the doctrine of judicial estoppel in this case. *Id.*

## CONCLUSION

For the reasons stated above, the Court finds that the Objection to Claim should be sustained and Fast's Claim should be treated as an unsecured priority claim in the amount of $4,000.

It is so ORDERED.

SIGNED <u>09/05/2012.</u>

_____
Richard S. Schmidt
United States Bankruptcy Judge